**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | | |
|---|---|---|---|
| **JAMIE W. COOK,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **No.:** | **3:19-CV-00172** |
| | ) | | **REEVES/GUYTON** |
| **SHERIFF BERRONG, CHIEF** | ) | | |
| **CANTRELL, and CLASS OFFICER** | ) | | |
| **INGLES,** | ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. For the reasons set

forth below, this action will be **DISMISSED** pursuant to Rule 41(b).

On May 20, 2019, the Court sent Plaintiff a notice of change of address providing that that

"[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other

parties to the proceedings of any change in his or her address, to monitor the progress of the case,

and to prosecute or defend the action diligently" and that failure to provide such a notice within

fourteen days of the change of address may result in dismissal of the case [Doc. 3]. The next day,

the Court entered an order providing that Plaintiff had thirty days from the date of entry of that

order to pay the filing fee or to return the required documents to proceed *in forma pauperis* [Doc.

5].

Subsequently, however, Plaintiff filed a notice of change of address [Doc. 6]. Accordingly,

on June 12, 2019, after the United States Postal Service ("USPS") returned the Court's mail to

Plaintiff containing its last order to the Court, the Clerk resent the Court's order regarding the

filing fee to Plaintiff's new address [Doc. 7]. On June 26, 2019, and July 1, 2019, however, the

USPS again returned mail that the Court had sent to the most recent address that Plaintiff provided

[Docs. 10 and 11]. Further, more than two weeks have passed since the USPS returned this mail

to the Court and Plaintiff has not updated his address, paid the filing fee, or returned the required

documents to proceed *in forma pauperis*.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for

"failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See,*

*e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four

factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or
> fault; (2) whether the adversary was prejudiced by the dismissed
> party's conduct; (3) whether the dismissed party was warned that
> failure to cooperate could lead to dismissal; and (4) whether less
> drastic sanctions were imposed or considered before dismissal was
> ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland*

*Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order

or file an updated address with the Court is due to Plaintiff's willfulness and/or fault. Specifically,

it is apparent that Plaintiff received the Clerk's notice regarding the requirement that he notify the

Court regarding a change of address, but chose not to comply therewith. Plaintiff accordingly did

not receive the Court's subsequent orders due to his failure to provide the Court with his most

recent address or monitor the case as required by the Court's local rule, of which he was aware.

As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's

order has not prejudiced Defendants.

As to the third factor, both the Clerk and the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner and/or failed to comply with the Court's orders [Doc. 3 p. 1; Doc. 5 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a prisoner who sought leave to proceed *in forma pauperis* in this case [Doc. 1] and Plaintiff is not communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

**CHIEF UNITED STATES DISTRICT JUDGE**